In the Matter of Michael J. PIETROCOLA and Nelma A. Pietrocola, Debtors.

Bankruptcy No. 80–01404A.

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

Oct. 13, 1981.

Michael J. and Nelma A. Pietrocola, pro se.

Bruce S. Kaufman, Daytona Beach, Fla., for Prestige Development Corp.

## ORDER

A. D. KAHN, Bankruptcy Judge.

The creditor, Prestige Development Corporation, objected to the Debtors' motion to dissolve its judgment lien encumbering certain real property in Volusia County, Florida. The basis of its objection was that the

property subject to the lien was not the homestead of the Debtors and presumably that the lien could not be avoided pursuant to Section 522(f) of the Bankruptcy Reform Act of 1978 (the "Code").

This objection is without merit. The homestead exemption law in Georgia provides in part:

> ... any debtor who is a natural person may exempt, pursuant to this Chapter, for purposes of bankruptcy, the following property:
>
> (1) The debtor's aggregate interest, not to exceed $5,000 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, ... and
>
> (6) *The debtor's aggregate interest*, not to exceed $400.00 in value *plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property*; .... (emphasis added)

*Ga.Code Ann.* § 51–1301.1 (Supp.1981).

The Debtors' schedules show that they claimed as exempt personalty valued at $1,000.00, and $6,000.00 in equity in the Florida real estate. Under Georgia law the Debtors are entitled to exempt $10,000 in value in any property. *Ga.Code Ann.* § 51–1301.1(6) (Supp.1981). The debtors may exempt up to $10,000 of their equity in the Florida realty. Because Prestige's judicial lien, which resulted from its final judgment of $2,072.87 against the Debtors, impairs the Debtors' exemption in the Florida property, the Debtors may avoid the lien. 11 U.S.C. § 522(f).

IT IS THEREFORE ORDERED AND ADJUDGED that the objection of Prestige Development Company to the Debtors' exemption and their motion to dissolve levy be, and the same is, OVERRULED; and

IT IS FURTHER ORDERED that Prestige's judicial lien be, and the same is, hereby AVOIDED, and Prestige Development Corporation shall take those steps necessary to effectuate this Order.